LEITNER v. BOEHM et al.

(Supreme Court, Appellate Term. February 24, 1899.)

CUSTOM—EVIDENCE.

    A valid custom that a broker is not entitled to his commission for obtaining a purchaser for property, sold with an agreement for a builder's loan, till the purchaser has earned his first payment, is not established by testimony of defendants, one from a year's and the other from 12 years' experience as dealers in real estate, to such a habit in their own transactions, and to having heard of such a custom of others, and testimony of another to such a custom; he having admitted that, in all the instances of this character of which he had known, there had been a special agreement to this effect.

Appeal from municipal court, borough of the Bronx, Second district.

Action by Jacob Leitner against Max S. Boehm and another. From a judgment for plaintiff, defendants appeal. Affirmed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Friend, House & Grossman, for appellants.

Erdman, Levy & Mayer, for respondent.

MacLEAN, J. One Solomon Marks, the assignor of the plaintiff, acting as broker for the defendants in the summer of 1898, procured a purchaser for their certain premises, on 154th street, at $9,500, the price named by them, whereupon an agreement of purchase and sale was entered into between the person so brought by Marks and the defendants, on the 19th of July, 1898. For making that bargain the broker was entitled, as admitted, to a commission of 1 per cent. upon the price, or $95; but dispute arose as to the time and condition of payment, the defendants contending that instead of being entitled to his commission upon bringing to the vendor a person ready and willing to accept his terms, and with whom a contract was entered into, both by special agreement in this case, and by common custom, where property was sold, as was this, with an agreement for a builder's loan, the broker was only to be paid when the purchaser had

earned his first payment,—in this instance, when the second tier of beams was laid. To sustain their contention respecting the custom, defendants testified themselves—one from a year's, and the other from 12 years', experience as dealers in real estate—to such a habit in their own transactions, and to having heard of such a custom from others. For them also testified another witness, as to such custom; but he admitted on cross-examination that, in all of the instances of this character of which he had known, there had been a special agreement to this effect. Neither the defendants nor their witness gave evidence of anything to show the existence of a valid custom. The plaintiff's witness and assignor denied the alleged agreement. Upon this conflict of evidence respecting the one issue in the action, the justice presiding at the trial, in submitting the case to the jury, properly charged that, if at the time the sale was effected there was no special agreement in respect to a commission, the verdict should be for the plaintiff for $95, but if, on the other hand, there was an agreement between Marks and the Boehms that the commission should not be payable until the second tier of beams was up, the verdict should be for the defendants. To this part of the charge the defendants excepted, and upon that exception principally rests their appeal. But the exception was not tenable. The like is true of the exception taken to the refusal of the justice to charge respecting the weight of evidence, and to certain others taken as to the admission or rejection of evidence upon the trial.

The judgment should be affirmed, with costs. All concur.